IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| **BEDELIA WILLIAMS**<br>*Plaintiff,*<br><br>v.<br><br>**WAL-MART STORES EAST, LP d/b/a WALMART; FRANK PELLICORI; WALMART REAL ESTATE BUSINESS TRUST**<br>*Defendants.* | **CIVIL ACTION NO. 24-3116** |
|---|---|

**MEMORANDUM RE: MOTION TO DISMISS**

**Baylson, J.**                                                                                                       **October 8, 2024**

This action was filed by Plaintiff Bedelia Williams ("Williams"), against Defendants Wal-Mart Stores East, LP, doing business as Walmart ("Walmart"), Frank Pellicori, and Walmart Real Estate Business Trust (collectively "Defendants") to recover physical and emotional damages following a slip and fall accident in a store operated by the Defendants. Williams alleges that Defendants failed to maintain, inspect, and supervise the store premises, resulting in a slip and fall. Williams raises three counts of negligence against the Defendants. Am. Compl., ECF 16.

Before this Court is Defendants' Partial Motion to Dismiss Count II against Defendant Pellicori for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, this Court lacks subject matter jurisdiction over this case, warranting dismissal.

I. **FACTUAL ALLEGATIONS**

Williams is a citizen of Pennsylvania. Am. Compl. ¶ 1. Walmart is registered to do business in Pennsylvania, incorporated in Delaware, and headquartered in Arkansas. Id. ¶ 2; ECF 2. Pellicori was the manager of a Walmart store located at 1675 S. Christopher Columbus Boulevard in Pennsylvania. Am. Compl. ¶ 3. Pellicori's citizenship is not included in the

1

pleadings.  Id.  Walmart Real Estate Business Trust is incorporated in Delaware and headquartered in Arkansas.  ECF 2.

On September 11, 2023, Williams entered a Walmart store located at 1675 S. Christopher Columbus Boulevard in Philadelphia, PA.  While walking inside the store, Williams became stuck on a sticky substance on the floor, resulting serious and permanent injuries.  Am. Compl. ¶ 9.

## II.  PROCEDURAL HISTORY

On June 18, 2024, Williams filed the instant case in the Philadelphia Court of Common Pleas against Defendants alleging three counts of negligence.  Id. ¶¶ 9–19.  On July 17, 2024, Defendants removed the case under 28 U.S.C. § 1332 and argued that Williams's inclusion of Pellicori as a party was for the sole purpose of defeating diversity jurisdiction.  On July 31, 2024, Williams filed an Amended Complaint.  Id.  On August 6, 2024, Defendant filed a Motion to Dismiss Count II against Defendant Pellicori for failure to state a claim.  ECF 17.

## III.  PARTIES' CONTENTIONS

Defendants argue that the negligence claim against Pellicori should be dismissed for failure to state a claim.  Id.  Defendants assert that Pellicori could only be liable as a corporate officer if Williams established misfeasance against him, and that Williams alleges only inactionable "nonfeasance," not misfeasance.  ECF 17 at 8.  Further, Defendants argue that Williams' allegations against Pellicori are "boilerplate" conclusions that lack specific facts showing his knowledge, participation, or contribution to the hazardous condition.  ECF 19 at 3.

Williams argues that Pellicori is a proper defendant and was not included merely to defeat diversity jurisdiction, responding to an argument made by Defendants in their removal filings.  ECF 18.  Williams asserts that corporate officers like Pellicori can be personally liable for torts they participate in and that the Amended Complaint states a claim for misfeasance.  Id. at 3.

**IV.     THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE**

A District Court courts must establish jurisdiction before addressing the merits of a case. See Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). District Courts have original jurisdiction over an action where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Such jurisdiction requires complete diversity, meaning that "no plaintiff [may] be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)). If a District Court lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Gibson v. Tip Towing & Recovery LLC, 2024 WL 658977, at *1 (3d Cir. Feb. 16, 2024). This Court raises the issue of diversity jurisdiction sua sponte. Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995); see United States v. Sanofi-Aventis U.S. LLC (In re Plavix Mktg.), 974 F.3d 228, 232 (3d Cir. 2020).

As noted, the Amended Complaint does not allege Pellicori's citizenship. It follows that since alleging residency alone is insufficient to plead diversity of citizenship, failing to plead residency is surely insufficient, too. See McNair v. Synapse Grp. Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012). Even so, it is "safe to assume that, based on the listed address[]," that Pellicori is a citizen of Pennsylvania. Moore v. Werner Bus Lines, Inc., 1992 WL 368357, at *1 (E.D. Pa. Dec. 4, 1992). Acting based on this safe assumption, the parties' Pennsylvania citizenship defeats complete diversity. Zambelli Fireworks Mfg. Co., 592 F.3d at 419 (citing Exxon Mobil Corp., 545 U.S. at 553). While Defendants argue that this Court would have jurisdiction over this case if Pellicori was dismissed as a Defendant, ECF 17, this Court lacks subject matter jurisdiction as a threshold matter. See Kehr Packages, 926 F.2d at 1409. This Court **DISMISSES** this case.

3

V.   **CONCLUSION**

For the foregoing reasons, this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction and this case is hereby **REMANDED** to the Philadelphia Court of Common Pleas.  An appropriate **ORDER** follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-3116 Williams v Walmart Stores East LP\24cv3116 Memorandum on Motion to Dismiss.docx